**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**
**CHARLESTON DIVISION**

TERRANCE A. MCARTHUR,                )
    Petitioner,                              )
                                                 )
v.                                                    )          **CIVIL ACTION NO. 2:23-00507**
                                                 )
SUPERINTENDENT,                          )
    Respondent.                             )

## PROPOSED FINDINGS AND RECOMMENDATION

On July 28, 2023, Petitioner, acting *pro se*, filed his Petition Under 28 U.S.C. § 2254 for

Writ of *Habeas Corpus* by a Person in State Custody. (Document No. 1.) By "Notice to Petitioner

of Failure to Remit Filing Fee" entered on the same day, the Clerk of the Court notified Petitioner

that within ten (10) days the Petitioner must either pay the $5.00 filing fee or submit the appropriate

Application to Proceed Without Prepayment of Fees and Costs. (Document No. 3.) By Order

entered on August 2, 2023, the undersigned noted that Petitioner's Petition failed to meet the

heightened pleading requirement. (Document No. 5.) Therefore, the undersigned ordered that

Petitioner had until September 1, 2023 to file an Amended Section 2254 Petition specifically

setting forth his grounds for relief and the facts supporting each ground for relief. (Id.) The Court

further advised Petitioner as follows:

> Failure of the Petitioner to amend his Section 2254 Petition by September 1, 2023,
> will result in a recommendation of dismissal of this matter without prejudice
> pursuant to Rule 41(b) of the Federal Rules of Civil Procedure and Rule 41.1 of the
> Local Rules of Civil Procedure for the Southern District of West Virginia.

(Id.) Petitioner, however, made no further contact with the Court or otherwise responded to the

Court's Order or the Clerk's Notice. After noting Petitioner's lack of activity in this case, the

undersigned issued an Order on September 8, 2023, directing Petitioner to "show cause in writing

on or before **October 10, 2023**, as to why this action should not be dismissed for failure to

prosecute." (Document No. 6.) The undersigned specifically notified Petitioner that failure to show

cause in writing by October 10, 2023, would result in a recommendation of dismissal of this matter

pursuant to Rule 41(b) of the Federal Rules of Civil Procedure and Rule 41.1 of the Local Rules

of Civil Procedure for the Southern District of West Virginia. (Id.) Petitioner has made no contact

with this Court since the filing of his Petition on July 28, 2023. (Document No. 1.) Accordingly,

the undersigned has determined that Petitioner has failed to take any steps to prosecute this action,

and therefore, Petitioner's Petition in this case should be dismissed.

## ANALYSIS

Pursuant to Rule 41(b) of the Federal Rules of Civil Procedure and Rule 41.1 of the Local

Rules of Civil Procedure for the Southern District of West Virginia, District Courts possess the

inherent power to dismiss an action for a *pro se* Petitioner's failure to prosecute *sua sponte*.[1] See

Link v. Wabash Railroad Co., 370 U.S. 626, 629, 82 S.Ct. 1386, 1388, 8 L.Ed.2d 734 (1962).

Rule 41.1 of the Local Rules provides:

> **Dismissal of Actions**. When it appears in any pending civil action that the principal
> issues have been adjudicated or have become moot, or that the parties have shown
> no interest in further prosecution, the judicial officer may give notice to all counsel
> and unrepresented parties that the action will be dismissed 30 days after the date of
> the notice unless good cause for its retention on the docket is shown. In the absence
> of good cause shown within that period of time, the judicial officer may dismiss the
> action. The clerk shall transmit a copy of any order of dismissal to all counsel and
> unrepresented parties. This rule does not modify or affect provisions for dismissal
> of actions under FR Civ P 41 or any other authority.

Although the propriety of a dismissal "depends on the particular circumstances of the

---

[1] Rule 41(b) of the Federal Rules of Civil Procedure provides:
> **(b) Involuntary Dismissal: Effect**. If the plaintiff fails to prosecute or to comply with these
> rules or any order of court, a defendant may move to dismiss the action or any claim against it.
> Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any
> dismissal not under this rule - - except one for lack of jurisdiction, improper venue, or failure to
> join a party under Rule 19 - - operates as an adjudication on the merits.

case," in determining whether to dismiss a case involuntarily for want of prosecution, the District

Court should consider the following four factors:

> (i) the degree of personal responsibility of the plaintiff;
> (ii) the amount of prejudice caused the defendant,
> (iii) the existence of a history of deliberately proceeding in a dilatory fashion, and
> (iv) the existence of a sanction less drastic than dismissal.

Ballard v. Carlson, 882 F.2d 93, 95 (4th Cir. 1989). In consideration of the first factor, the Court

finds that the delays in this case are attributable solely to Petitioner as the Respondent has not been

required to make an appearance in this action. Petitioner has not complied with the Court's Order

directing him to amend his Petition or the Clerk's Notice to either pay the requisite filing fee or

file an Application to Proceed Without Prepayment of Fees and Costs. (Document Nos. 3 and 5.)

Petitioner has made no contact with the Court since the filing of his Petition on July 28, 2023.

(Document No. 1.) Petitioner, therefore, is the sole cause of the delays in this action. With respect

to the second factor, the record is void of evidence indicating that Respondent has been prejudiced

by the delays in this case. Concerning the third factor, Petitioner does have a history of

"deliberately proceeding in a dilatory fashion." Petitioner had a prior Section 2254 action

dismissed for failure to prosecutive. (See Case No. 2:22-cv-00297.)

In consideration of the fourth factor, the Court acknowledges that a dismissal under either

Rule 41(b) or Local Rule 41.1 is a severe sanction against Petitioner that should not be invoked

lightly. The particular circumstances of this case, however, do not warrant a lesser sanction. An

assessment of fines, costs, or damages against Petitioner would be unjust in view of Petitioner's

failure to pay the filing fee. Moreover, explicit warnings of dismissal would be ineffective in view

of Petitioner's failure to respond to (1) the Court's Order entered approximately two months ago

advising Petitioner that the undersigned would recommend dismissal if Petitioner failed to file an

amended Petition, and (2) the Court's show cause order entered approximately one month ago.

(Document Nos. 5 and 6.) In consideration of all factors, the undersigned concludes that dismissal for failure to prosecute is warranted. Accordingly, the undersigned recommends that this action be dismissed without prejudice unless Petitioner is able to show good cause for his failure to prosecute.

## PROPOSAL AND RECOMMENDATION

The undersigned hereby respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS**, that the District Court **DISMISS** Petitioner's letter-form Section 2254 Petition (Document No. 1), and **REMOVE** this matter from the Court's docket.

The Petitioner is hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge John T. Copenhaver, Jr. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen (14) days (filing of objections) and three (3) days (if received by mail) from the date of filing of this Proposed Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208, 104 S. Ct. 2395, 81 L. Ed. 2d

352 (1984). Copies of such objections shall be served on opposing parties, District Judge Copenhaver, and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Petitioner, who is acting *pro se*.

ENTER: October 12, 2023.

Omar J. Aboulhosn
United States Magistrate Judge